IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES ALLEN, JR.**                                                                                    **PLAINTIFF**

v.                                              Case No. 4:24-cv-800-JM

**AMERICORPS,** *et al.*                                                                        **DEFENDANTS**

## ORDER

The Court granted *pro se* plaintiff James Allen's request to proceed *in forma pauperis* and, liberally construing his claims, served his workplace discrimination claims brought under the Americans with Disabilities Act (ADA) and the Arkansas Civil Rights Act (ACRA). (Doc. 3). Defendants Ealy, Gomes, Schlinker, and FoodCorps now move to dismiss (Doc. 6, 17), and Allen has responded (Doc. 28). For the reasons stated below, the motions to dismiss (Doc. 6, 17) are GRANTED. These Defendants' motion for leave to file a reply is moot. (Doc. 29). The Court also *sua sponte* dismisses Allen's claims against AmeriCorps. and AmeriCorps Food Corps. *See* FED. R. CIV. P. 12(h)(3). Allen's motions for default judgment (Doc. 23, 25–26) are DENIED as moot.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The facts as set in the initial screening stand. (Doc. 3). Allen alleged that his employers failed to accommodate his disability, retaliated against him for asking for accommodations, and then wrongly fired him when he could not meet the job requirements without accommodations. (Doc. 2). Specifically, he said that he "began his service term with AmeriCorp, AmeriCorps: FoodCorps and FoodCorp" in August 2022. (Doc. 2 at 7). Through that relationship, he was sent to Watson Elementary to work under Principal Morgan Ealy, an employee of the Little Rock School District. (*Id.*). Mr. Allen complained that Ms. Ealy failed to accommodate him despite his "100% disability" and that his supervisors at AmeriCorp and FoodCorp, Tasha Gomes and Destiny Schlinker, knew of the lack of accommodation, did not intervene, and ultimately fired him. (*Id.*). No where in his complaint or response to defendants' motions to dismiss does Allen explain his disability.

For screening purposes only, the Court accepted Allen's assertion that he was employed by the Defendants. Defendants now move to dismiss the claims against them explaining that they, in fact, were not his "employer" and cannot be sued as such.[1] In order to proceed with his discriminations claims under both the ADA and ACRA, Allen must demonstrate that he was discriminated against by his employer because of a disability. *Alexander v. Avera St. Luke's Hospital*, 768 F.3d 756, 761, 42 U.S.C. § 12111(4) (ADA); and ARK. CODE ANN. § 16-23-107(c)(1)(A). Allen has not met this burden.

Allen repeatedly states that he is 100% disabled, but nowhere does he explain what his disability is or even what accommodation he needed. The Court need not inquire further to

---

[1] Defendants also challenge the validity of service. Because the Court, through the U.S. Marshal, controlled service for this *pro se* litigant, any service issues would have been corrected *sua sponte* by the Court.

2

determine the disability, however, because Allen cannot show that defendants were his employer under the law. Rather, Allen was servicemember with AmeriCorp placed through FoodCorp to work at Watson Elementary. (Doc. 2 at 7). Allen does not assert that he was an employee of Defendant Ealy's, Watson Elementary, or the Little Rock School District. Instead, he says she acted as his site supervisor when on the school's property, but he was supervised by Schlinker. (*Id.* at 8).

In creating the National and Community Service Act of 1990, 42 U.S.C. § 12501, *et seq.*, Congress intentionally excluded it from being governed by employment laws. The NCSA created the Corporation for National and Community Service (CNCS), an independent federal agency, to administer the programs established under the national service laws. 42 U.S.C. § 12651. AmeriCorp, funded through CNCS, is one such organization and assigns its volunteers, like Allen, to other approved organizations where, instead of traditional salary or wages, they are offered a living allowance and educational, healthcare, and child care benefits. See 45 C.F.R. §§ 2522.240–.250; *see also* https://AmeriCorps.gov/about/what-we-do. Again, Congress expressly stated that AmeriCorps participants are not employees. 42 U.S.C. § 12511(30)(B) (defining participant); 42 U.S.C. § 12655n(b)(1) ("a participant . . . shall not be considered a Federal employee and shall not be subject to the provisions of law relating to Federal employment."). Allen served FoodCorp as a AmeriCorp service member (participant). He was not an employee of either organization. Thus, he also cannot be an employee of either Gomes or Schlinker. Not only did Congress exclude AmeriCorp participants from being considered employees, but it also excluded the United States and its wholly owned corporations from the ADA's definition of employer. 42 U.S.C. § 12111(5)(B). Thus, AmeriCorp and FoodCorp are twice excluded. In the same vein, Allen's ACRA claims fail because the defendants were not his employer. *Stower v. Arkansas*, Case No.

3:19-cv-238-DPM, 2020 WL 86543 (E.D. Ark. 2020); ARK. CODE ANN. § 16-23-107(c)(1)(A).

Understandably, Allen argues the unfairness of a "technical" result. (Doc. 28 at 2). Congress's intent, however, could not have been more plainly stated.[2] Allen's complaint is dismissed without prejudice.

IT IS SO ORDERED this 6th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Allen relies on *Baucom v. AmericCorps*, No. 14-CV-04165-MEJ, 2014 WL 7246802 (N.D. Cal. Dec. 19, 2014) for the premise that AmeriCorps participants were allowed to bring ADA claims. The Court was unable to locate any case by that name in any circuit through a search of the both PACER and Westlaw.